UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLEMENT OBEYA,<br><br>  Petitioner,<br>v.<br>STATE OF NEVADA, et al.,<br><br>  Respondents. | Case No. 2:25-cv-01048-GMN-MDC<br><br>**ORDER** |

Petitioner Clement Obeya, a *pro se* litigant, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Petitioner's Application for Leave to Proceed *In Forma Pauperis* (("IFP") ECF No. 4). The Court grants the IFP Application but dismisses the Petition without prejudice as unexhausted.

## Background

Obeya pled guilty to one count of Burglary. *See State of Nevada v. Obeya*, Case No. C-22-367536-1. The state court entered the judgment of conviction in January 2025. The state appellate court recently entered its order of affirmance on September 3, 2025. Obeya filed a state post-conviction habeas Petition in May 2025 that remains pending before the state district court. *See Obeya v. State of Nevada*, Case No. A-25-918495-W. Obeya initiated this federal habeas proceeding in June 2025 and asserts claims of ineffective assistance of counsel. ECF No. 1-1.

## Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v.*

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

*Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases); *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018).

A claim remains unexhausted until the petitioner has raised the claim through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). To properly exhaust state remedies, a petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 278 (1971). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). The claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

Obeya has not properly and fully exhausted his state court remedies because he has not presented the claims alleged in his federal habeas Petition through one complete round of either direct appeal or collateral proceedings to the Nevada appellate court. Although he filed a direct appeal, he has not exhausted his ineffective assistance of counsel claims before the Nevada appellate court. Obeya may file a new federal habeas petition—in a new case case—upon exhaustion of his state court remedies. Dismissal of this action as unexhausted without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice. The Court dismisses Obeya's Petition without

prejudice as unexhausted.

## Conclusion

**IT IS THEREFORE ORDERED:**

1. Petitioner Clement Obeya's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED without prejudice.

2. A certificate of appealability is denied as reasonable jurists would not find the Court's conclusion to be debatable or wrong.

3. The Clerk of the Court is kindly directed to provide informal electronic service upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and to provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

4. The Clerk of the Court is kindly directed to enter final judgment dismissing this action and close this case.

DATED:    September 9, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE